**Moises Dario ARIAS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 13–70614.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2014.*

Filed Aug. 15, 2014.

Carlos Alfredo Cruz, Esquire, Law Offices of Carlos A. Cruz, Alhambra, CA, for Petitioner.

Lance Lomond Jolley, Esquire, Trial, Liza Murcia, Oil, David V. Bernal, Assistant Director, Anthony Cardozo Payne, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

MEMORANDUM **

Moises Dario Arias, a native and citizen of Bolivia, petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal from an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C. 1252. We review de novo constitutional claims and questions of law. *Hamazaspyan v. Holder,* 590 F.3d

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

744, 747 (9th Cir.2009). We deny in part and dismiss in part the petition for review.

The BIA correctly determined that Arias made a knowing and intelligent waiver of his right to appeal. *See United States v. Estrada–Torres,* 179 F.3d 776, 781 (9th Cir.1999) ("Because the immigration judge explained the right to appeal to [petitioner] (with the other deportees) and individually asked him specifically if he wanted to appeal his deportation order, his waiver of his right to appeal was 'considered and intelligent.'") (citation omitted), *overruled on other grounds by United States v. Rivera–Sanchez,* 247 F.3d 905 (9th Cir.2001). As the appeal waiver was effective, the BIA properly dismissed Arias' appeal for lack of jurisdiction. *See Matter of Rodriguez–Diaz,* 22 I. & N. Dec. 1320, 1322 (BIA 2000) ("By waiving appeal, an alien relinquishes the opportunity to obtain review of the Immigration Judge's ruling.").

We lack jurisdiction to review Arias' remaining unexhausted contentions. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir.2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**